ERNST et al. v. THOM et al.

(Supreme Court, Appellate Term. November 30, 1909.)

1. PRINCIPAL AND AGENT (§ 101*)—AUTHORITY OF AGENT.

A son, having authority to draw his father's money from a bank to pay rent for the family, has authority to lease premises for the family to occupy.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 101.*]

2. PRINCIPAL AND AGENT (§ 136*)—PERSONAL LIABILITY OF AGENT.

A son, having authority as agent to lease a house for his father's family and to pay rent with his father's money, is not personally liable for the rent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 478; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Moritz L. Ernst and another, copartners, against James Thom and another. From a judgment for plaintiffs, defendants appeal. Reversed in part, and affirmed in part.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

A. Delos Kneeland, for appellants.

Ernst, Lowenstein & Cane (Bernard M. L. Ernst, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Plaintiffs made and executed a certain lease, in which James Thom is named as tenant, and which lease was signed by James Thom, Jr., as follows: "James Thom, by James Thom, Jr., Attorney." The defendant Thom, Jr., and his family took possession of the premises and lived there until April, 1909, when there was a burglary, and the premises vacated by the tenants. Rent was paid up to April, 1909; but the rent claimed to be due April 1, 1909, and May 1, 1909, was not paid. The plaintiffs recovered for said rent against both defendants. The latter appeal.

The appellants claim the court lost jurisdiction because judgment was not rendered for more than 14 days after the trial. An examination of the record discloses no force in the above contention of appellants.

It seems that Thom, Sr., went to Scotland, and left a power of attorney with his son to sign checks in his (Thom, Sr.'s) name. Thom, Sr., claims that the power of attorney (which is not produced in evidence) did not include authority to make such lease, or any lease, but merely to draw money. The rent was paid by checks signed in that way, i. e., "James Thom, by James Thom, Jr., Attorney." While the defendant Thom, Sr., did not himself occupy said premises, still his family did so occupy said premises, of which fact he was aware. His family consisted of his wife, his daughters, and his said son, Thom, Jr., one of the defendants herein, who was under the age of 21 years. The rent, as we have seen, was paid with the money of Thom, Sr., and the latter admits he knew that the rent was paid, but that it was not his "transaction." While Thom, Sr., did not particularly authorize the said lease, he left his family to be supported by money to be drawn out of the bank by his son as his attorney, and he must, in the nature of things, have known (as, indeed, he admits he did) that the son had hired this residence for the family and was paying for the same with his father's money, which the father gave him power and authority to draw as attorney.

There seems to be sufficient evidence to hold that the father sanctioned and ratified the acts of the son; but we find nothing to justify the judgment against the son. He appears throughout the whole transaction as agent, acting for a disclosed principal. He did not bind himself by the lease, and the holdover was, presumably, under the same conditions as the lease, binding on the lessee, not on his agent.

The judgment as to James Thom, Jr., must be reversed, and the complaint dismissed.

The judgment as to James Thom, Sr., is affirmed, with costs.